UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ALLAN M. LEAVITT,<br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES AUTOMOBILE<br>ASSOCIATION, et al.,<br>    Defendants. | )<br>)<br>)<br>)  Civil Action No.<br>)  20-12130-IT<br>)<br>)<br>)<br>)<br>)<br>) |

### ORDER ON PLAINTIFF'S MOTION [#12]

**TALWANI, D.J.**

  On November 30, 2020, Plaintiff filed a 349 page Complaint [#1] against nineteen named defendants (and 100 unnamed defendants). Through counsel, he also sought leave to proceed in this action without prepaying fees or costs. *See* Application to Proceed [#3] (containing electronic signature of counsel only). The application misspelled Plaintiff's name, did not include Plaintiff's affirmation that it was signed under penalty of perjury, and was incomplete, where the question of Plaintiff's employment was left blank. *See* December 9, 2020 Order [#4]. The court denied the application without prejudice, provided specific instructions for refiling the application with necessary information, and explained further that the Complaint [#1] would be subject to review pursuant to 28 U.S.C. § 1915(e)(2)(B) if the court granted the Application. *Id.*

  On December 18, 2020, Plaintiff submitted a renewed Application [#6]. By Memorandum and Order [#11] dated December 30, 2020, the court granted Plaintiff's renewed Application to Proceed in District Court Without Prepaying Fees or Costs [#6], and advised Plaintiff that the Complaint [#1] was subject to dismissal because the court is without jurisdiction to consider Plaintiff's challenges to the findings and proceedings in the Massachusetts state

courts, and the Complaint [#1] failed to comply with the pleading requirements of Federal Rule of Civil Procedure 8. *Id.* at 1, 5-6. The court granted Plaintiff twenty-one days to file an amended complaint not to exceed fifty double-spaced pages. *Id.*

On January 4, 2021, Plaintiff filed a Motion to Alter Judgment, Motion for Recusal [#12]. Plaintiff seeks reconsideration of the Memorandum and Order [#11] pursuant to Fed. R. Civ. P. 59(e) and/or 60(b). He states that the court's ruling "has charged the Plaintiff with reducing a 27 count, 382 page, Complaint [#1] to an artificial, prejudicial, and impossible 50 page (48 pages in fact, as it requires a title page and signature page)." Memorandum [#15] at p. 2. Plaintiff asserts that "the Court has exceeded its powers" and acted in an "arbitrary and capricious" manner. *Id.* at p. 3. Plaintiff states that his request for recusal "is based on the clearly prejudicial nature of the December 30, 2020 Order and impossible task which the Court orders the indigent Plaintiff to Complete." *Id.* at p. 13.

Pursuant to 28 U.S.C. § 455, a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). To avoid delays and a waste of judicial resources, however, unnecessary recusals are to be avoided. *United States v. Snyder*, 235 F.3d 42, 46 (1st Cir. 2000). Accordingly, "under § 455(a) a judge has a duty to recuse himself if his impartiality can reasonably be questioned; but otherwise, he has a duty to sit." *United States v. Snyder*, 235 F.3d 42, 46 (1st Cir. 2000). "A judge shall also disqualify himself . . . [w]here he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." Generally, an extrajudicial source of information is required to establish that recusal is required under § 455(b)(1) because of actual prejudice. *See Liteky v. United States*, 510 U.S. 540, 5551 (1994). "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky*, 510 U.S. at

555. They may present "proper grounds for appeal, not for recusal." *Id.*

Here, Plaintiff's request for recusal rests entirely on his dissatisfaction with the court's orders. The court finds that these orders do not constitute a valid basis for the motions. Plaintiff also has shown no display of "deep-seated and unequivocal antagonism that would render fair judgment impossible." *Liteky*, 510 U.S. at 556. Accordingly, the recusal request is denied.

The court turns to Plaintiff's request for reconsideration pursuant to Rule 59(e) and/or Rule 60(b) of the Federal Rules of Civil Procedure. "The granting of a motion for reconsideration is an extraordinary remedy which should be used sparingly" and only where "newly discovered evidence (not previously available) has come to light or that the rendering court committed a manifest error of law." *Palmer v. Champion Mortg.*, 465 F.3d 24, 30 (1st Cir. 2006) (internal citation omitted). Plaintiff has not met that standard here.

To the extent Plaintiff complains that his complaint is treated differently than one filed by a fee-paying litigant, *see* Memorandum [#15] at p. 4, special treatment of *in forma pauperis* actions is justified by the fact that litigants proceeding *in forma pauperis* may not have the economic incentive to refrain from filing frivolous, malicious or repetitive lawsuits. *Neitzke v Williams*, 490 U.S. 319, 324 (1989).

Nor is Plaintiff entitled to reconsideration of the court's fifty-page limit for Plaintiff's amended complaint. Plaintiff asserts that there are no applicable page limits under applicable rules. *See Memorandum [#15]* at 2 and n.3. Plaintiff ignores, however, Rule 8's mandate that a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). And as the court previously noted, a complaint "should be short because '[u]nnecessary prolixity in a pleading places an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from

3

a mass of verbiage.'" Memorandum and Order [#4] at 6, *quoting Salahuddin v. Cuomo*, 861 F.2d 40. 41-42 (2d Cir. 1988) (internal citation omitted). Finally, "Federal courts possess certain 'inherent powers,' not conferred by rule or statute, 'to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Goodyear Tire & Rubber Co. v. Hager*, 137 S. Ct. 1178, 1187 (2017) (quoting *Link v. Wabash R. Co.*, 370 U.S. 326, 640-31 (1962)).

Plaintiff argues finally that his access to the court is being curtailed and that the court's order is subject to appeal. The court finds no such curtailment. Plaintiff is, of course, free to appeal this decision. If Plaintiff declines to file an amended complaint, the court will dismiss the action, and Plaintiff may immediately challenge the court's orders on appeal.

Although Plaintiff is not entitled to reconsideration, the court will modify its orders in the interest of orderly procedures as follows: (1) the fifty-page limit shall not include the cover page and table of contents; and (2) Plaintiff is granted an additional twenty-eight days to file the amended complaint.

Accordingly, it is it is hereby ORDERED that

1. The Motion to Alter Judgment, Motion for Recusal [#12] is denied.
2. The deadline for complying with the Court's December 30, 2020 Memorandum and Order is extended to February 12, 2021.

**So ordered.**

/s/ Indira Talwani
United States District Judge

Dated: January 14, 2021