UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ALLAN M. LEAVITT, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 1:20-cv-12130-IT |
| | * | |
| UNITED SERVICES AUTOMOBILE ASSOCIATION, *et al.*, | * | |
| | * | |
| | * | |
| Defendant. | * | |

MEMORANDUM & ORDER

July 14, 2021

TALWANI, D.J.

Pending before the court are Defendants <u>Motions to Dismiss</u> [#51, #62, #64, #70, #74, #77, #80, #82] Plaintiff Allan Leavitt's <u>Amended Complaint</u> [#17] for lack of subject matter jurisdiction and on other grounds and Leavitt's <u>Motion to Address the Conflict of Interest Involving United States Services Automobile Association to be Heard Prior to any Ruling Involving this Defendant</u> [#53], <u>Motion for Court to Order Conversion to Class Action or Joinder to be Decided Prior to any Defendant Motion to Dismiss</u> [#66], <u>Motion for Speedy Hearing and Speedy Trial</u> [#100], and <u>Motion for Defendant Counsel to Disclose Ex Parte Communications and Prohibited Conduct</u> [#107]. Although the court must ascertain its subject matter jurisdiction prior to rendering any judgments on the merits of the case, the court first addresses in this memorandum and order the procedural issues raised by Leavitt's motions.

### I. Motion to Address Conflict of Interest

Leavitt's first motion requests that the court address a purported conflict of interest created by Goodwin Proctor LLP's ("Goodwin") joint representation of Defendant United Services Automotive Association ("USAA") on the one hand and Defendants Stuart Parker,

Wayne Peacock, and USAA's Board of Directors ("Board") on the other. Mot. to Address Conflict [#53]. Leavitt claims that Goodwin's joint representation will prejudice his rights in the litigation and is in violation of the Massachusetts Rules of Professional Conduct. Pl's Mem. 2 [#54].

Leavitt explains that USAA is a reciprocal inter-insurance exchange ("reciprocal"). Id. at 3-4. This means that, unlike conventional insurance companies, which are owned by shareholders (for stock companies) or policyholders (for mutual companies), USAA is owned by its subscribers, who insure each other in a reciprocal arrangement by exchanging indemnity contracts among themselves. Id. Day-to-day management of a reciprocal, including resolution of any claims, lies with an attorney-in-fact, a separate legal entity that holds power of attorney over the reciprocal. Id. at 4. A board of directors or governors is charged with overseeing the attorney-in-fact. Id. In this case, Parker and Peacock—both identified by Leavitt as USAA's Chief Operating Officer—and the Board were allegedly charged with this management role. Id. at 1, 4. Leavitt claims that because (1) he is a member of USAA and therefore one of its owners and (2) he is suing Parker, Peacock, and the Board for mismanaging USAA, Goodwin's concurrent representation harms Leavitt's interests in USAA. Id. at 5. He analogizes his interest to that of a corporate shareholder and argues that this entitles him to object to USAA's choice of counsel. Id. at 6-7. He cites no case law in support of this proposition.

USAA, Parker, Peacock, and the Board counter that Leavitt's analogy is inappropriate where Leavitt is not purporting to assert a claim on behalf of USAA against Parker, Peacock, and the Board; rather, he is asserting a personal claim against both USAA *and* its management. Defs' Opp. 5-6 [#72]. In addition, the directors and managers "are obliged to exercise their business judgment to further USAA's business interests, not the interests of any specific policy-holder."

2

Id. at 7. They argue that USAA's interests are therefore aligned with those of its managers and directors. Id.

Rule 1.7 of the Massachusetts Rules of Professional Conduct[1] governs conflicts of interest among current clients. A "concurrent conflict of interest" exists in two situations: (1) "the representation of one client will be directly adverse to another client," or (2) "there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer." Mass. R. Prof. C. 1.7(a). Leavitt's argument rests on the first scenario. However, Leavitt has not identified any way in which USAA's interests are "directly adverse" to those of its directors and management. Instead, he has pointed only to ways in which *his* interests are directly adverse to Parker, Peacock, and the Board's. But where Leavitt is suing USAA and its directors and managers, direct adversity between his interests and theirs is neither unexpected nor a basis for disqualifying Goodwin from concurrently representing them. The motion is accordingly DENIED.[2]

## II.  Motion for Court to Order Conversion to Class Action or Joinder

Leavitt's next motion seeks a court order requiring Defendants USAA, GEICO Indemnity Company ("GEICO"), and the Commerce Insurance Company ("Commerce") "to take all steps necessary and required to convert this action into to a mandatory class action under Fed. R. Civ. P. Rule 23(b)(1)(B)." Pl's Mem. 2-3 [#67]. However, under Rule 23 of the Federal Rules of Civil

---

[1] Attorneys practicing in this district must comply with the ethical requirements laid out by the Massachusetts Rules of Professional Conduct. L.R. 83.6.1(a).

[2] Leavitt also argues that Goodwin's joint representation may interfere with discovery. Given the pending motions to dismiss, the court declines to address that argument at this juncture. Leavitt may renew this argument should the case proceed to discovery.

Procedure, where a member of a class seeks to bring or defend claims on behalf of a class, the burden of pleading and proving class certification lies with the purported class member. Fed. R. Civ. P. 23. To the extent that Leavitt seeks to bring this action as a class action, he has the burden of showing that all the prerequisites for a class action have been met. Here, Leavitt's motion fails to show that any of the prerequisites set forth in Rule 23(a) have been met. Nor has he demonstrated that prosecuting separate actions by individual class members would create a risk of "adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests," as is required for an action under Rule 23(b)(1)(B). He has therefore failed to meet his burden.

Leavitt asks in the alternative that Defendants "be ordered to join their 29 million or so policyholders as provisioned under Rule 19." Pl's Mem. 3 [#67]. This request is also flawed. Rule 19 of the Federal Rules of Civil Procedure requires joinder when "feasible" if (1) "complete relief among existing parties" cannot be granted "in that person's absence" or (2) "disposing of the action in the person's absence may [] as a practical matter impair or impede the person's ability to protect [its] interest," or "leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations." Fed. R. Civ. P. 19. First, joinder of millions of individuals is not "feasible." See Coffin v. Bowater Inc., 228 F.R.D. 397, 402 (D. Me. 2005) ("In general, a class of more than forty individuals satisfies the presumption that joinder is impractical and class treatment is appropriate"). Second, where Leavitt has asserted claims only on behalf of himself, there is no reason why the court would be prevented from ordering complete relief in this case or why the interests of any other party would be

4

impaired by a decision. Leavitt's Motion for Court to Order Conversion to Class Action or Joinder to be Decided Prior to any Defendant Motion to Dismiss [#66] is therefore DENIED.

### III. Motion for Defendant Counsel to Disclose Ex Parte Communications and Prohibited Conduct

Also pending is Leavitt's Motion for Defendant Counsel to Disclose Ex Parte Communications and Prohibited Conduct [#107]. This is not Leavitt's first motion in this action to charge misconduct without offering factual support.

On January 4, 2021, Leavitt filed an Emergency Motion for Judge Indira Talwani to Disclose and Recuse to Be Addressed Prior to Addressing any Further Rulings in this Case [#12] in which he asserted that this court had "exceeded its powers" and acted in an "arbitrary and capricious" manner and that his request for recusal was based on the "clearly prejudicial nature" of the court's December 30, 2020 order in this case and the "impossible task" of condensing the complaint. Emergency Mot. 13 [#12]. Where Leavitt's request for recusal rested "entirely on his dissatisfaction with the court's orders," the court found that this was not a valid basis for recusal. Mem. & Order 3 [#16].

Following that order, on May 3, 2021, Leavitt filed a Motion for Judge Indira Talwani to Disclose Ex Parte Communications not Permitted by the Rules of Judicial Conduct Prior to any Motions to Dismiss filed by the Defendants are Heard Before the Court [#93]. In support of the motion, Leavitt stated that he had filed the prior Emergency Motion [#12] "to disclose ex parte communications which are not permitted by the Rules of Judicial Conduct" and that the court had "failed and refused to address the concerns" in its Order [#16]. As grounds for disclosing ex parte communications, Leavitt raised, among other things, (1) the court's December 30, 2020 order limiting his Amended Complaint [#17] to fifty pages, which he describes as "denial of access to the Court and rights of due process and equal protection"; (2) the court's rulings since

5

December 9, 2020, which, he asserts, "appear to lack concern and urgency for the matters before it involving a declaration of law regarding the Massachusetts statute"; and (3) his "concern that matters here will (continue to) imitate the anarchic procedures he experienced in the Massachusetts State Court and continue the suppression of his right to a declaration of law without 'reason(s).'" Pl's Mem. 4-6 [#94]. The court denied the motion on May 18, 2021, finding no basis or cause for Leavitt's assumption that impermissible ex parte communications had occurred. Elec. Order [#102].

On May 20, 2021, Leavitt filed another Motion for Recusal [#104], which "demands Judge Talwani recuse immediately based on her admission that she has engaged in ex parte communications not permitted by the rules of judicial conduct prior to any motions to dismiss filed by the Defendants are heard by this Court." Pl's Mem. 2 [#105]. The court denied the motion on May 24, 2021, explaining that "[a] judge 'has a duty not to recuse himself or herself if there is no objective basis for recusal'" and that there was no such objective basis in this case where Leavitt had failed to establish any basis or cause for his assumption that impermissible ex parte communications had occurred. Order [#106].

On May 28, 2021, Leavitt filed the pending Motion for Defendant Counsel to Disclose Ex Parte Communications and Prohibited Conduct [#107]. In support, Leavitt claims that "[t]he law has not been declared. There are no further facts required to support the fact that there exists a collective effort by the Defendants and the Court here to refrain from declaring the law to which the Plaintiff has a right." Pl's Mem. 2 [#108]. Leavitt's argument appears to be that because his motions have been denied, it is necessarily the case that the "proceedings have been tainted." Id. at 4-11. He accordingly "demands disclosures" of "ex parte communications or conduct prohibited by the rules." Id. at 10. All the defendants have opposed the motion on the

ground that there has been no impermissible ex parte communication. Opps. [#114, #115, #116, #117, #119, #120, #121].

Once again, Leavitt's accusations of prohibited conduct are made with no factual support. Accordingly, his motion is DENIED.

Noting that Leavitt has violated the requirement that a motion's "factual contentions have evidentiary support," see Fed. R. Civ. P. 11(b)(3), Defendants request that the court award them attorney's fees for having to respond to the motion and impose any other sanction it deems appropriate. Id. The court agrees that Leavitt has failed to meet Rule 11's requirement. Moreover, the filing was made by counsel who has previously been warned against such conduct by the Massachusetts state courts, including the Supreme Judicial Court.[3] Although the court declines to initiate sanctions at this time, Defendants may follow the procedure set forth in Rule 11(c)(2) to seek sanctions if Leavitt and his counsel continue to file baseless motions.

### IV. Motion for Speedy Hearing and Speedy Trial

Leavitt's remaining motion seeks a court order for a speedy hearing and a speedy trial. Mot. for Speedy Hearing and Speedy Trial [#100]. Where a hearing has been set for July 14,

---

[3] In related state court proceedings, Leavitt sought the recusal of justices of the Massachusetts Appeals Court and the Supreme Judicial Court, alleging based that improper ex parte communications had occurred. Leavitt v. Phillips, 478 Mass. 1009, 1009, 84 N.E.3d 1250 (2017). In doing so, Leavitt "did not identify by name any particular justice who he believed should be recused, nor did he offer any evidence that recusal was warranted." Id. A single justice of the Massachusetts Supreme Judicial Court denied Leavitt's motion, id., and he appealed to the full court, SJC Docket SJ-2016-0143 [#52-6]. The Supreme Judicial Court affirmed the single justice and remarked that Leavitt was represented by counsel and that the papers filed by counsel before the single justice and the full court were "replete with allegations of judicial misconduct and even criminal offenses." Leavitt, 478 Mass. at 1009 n.3. The court took the "opportunity to remind counsel, going forward, to consider his professional obligations and the consequences that can ensue, not only under rule 11 and like court rules but also under the Massachusetts Rules of Professional Conduct, if they are violated." Id.

7

2021, on the remaining pending motions, the motion is DENIED AS MOOT as to Leavitt's request for a hearing. Leavitt's motion for a speedy trial where discovery has not yet commenced is premature. Moreover, any delay in these proceedings can be largely attributed to his unwarranted filings.

V.      Conclusion

Leavitt's Motion to Address the Conflict of Interest Involving United States Services Automobile Association to be Heard Prior to any Ruling Involving this Defendant [#53], Motion for Court to Order Conversion to Class Action or Joinder to be Decided Prior to any Defendant Motion to Dismiss [#66], and Motion for Defendant Counsel to Disclose Ex Parte Communications and Prohibited Conduct [#107] are DENIED. His Motion for Speedy Hearing and Speedy Trial [#100] is DENIED AS MOOT in light of the scheduled hearing on Defendants' motions to dismiss.

IT IS SO ORDERED.

July 14, 2021                                            /s/ Indira Talwani
                                                        United States District Judge