UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ALLAN M. LEAVITT, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 1:20-cv-12130-IT |
| | * | |
| UNITED SERVICES AUTOMOBILE ASSOCIATION, *et al.*, | * | |
| | * | |
| | * | |
| Defendants. | * | |

MEMORANDUM & ORDER

July 16, 2021

TALWANI, D.J.

Pending before the court are Defendants' Motions to Dismiss [#51, #62, #64, #70, #74, #77, #80, #82] Plaintiff Allan Leavitt's Amended Complaint [#17]. For the following reasons, the motions are ALLOWED for lack of subject matter jurisdiction.

**I.    Background**[1]

    A.    *Car Accident and Bodily Injury Claims*

This case originally arose out of a "low speed, soft impact" car accident in Boston in 2010 between Cynthia Phillips, a Massachusetts resident, and Melissa Aebersold, a Vermont resident. Leavitt v. Phillips, 95 Mass. App. Ct. 1125, 134 N.E.3d 132, 2019 WL 4019952, at *3,

---

[1] Leavitt's Amended Complaint [#17] requests that the court take judicial notice of the documents filed in and associated with his 2013 state court litigation in Massachusetts. Am. Compl. ¶ 1 [#17]; see also Opp. 6 [#59] ("All documents involving, and associated with, the 2013 state court action . . . are incorporated herein . . ."); Opp. 8 [#84] (same); Opp. 7 [#86] (same); Opp. 7 [#95] (same); Opp. 7 [#96] (same); Opp. 6 [#97]; Opp. 7 [#98] (same). The court accordingly draws background facts from the records in those proceedings.

review denied, 483 Mass. 1105, 135 N.E.3d 198 (2019), and cert. denied, 140 S. Ct. 1216 (2020). Leavitt, also a Vermont resident, was a passenger in Aebersold's car. Id. at *1.

At the time of the accident, Phillips' car was insured under a Massachusetts policy by the Commerce Insurance Company ("Commerce"). Id. at *3 n.9. Aebersold's car was insured under a Vermont policy by GEICO Indemnity Company ("GEICO"). Id. at *1. Leavitt also owned a car, which was not involved in the accident and which was insured under a Vermont policy by United Services Automotive Association ("USAA"). Id.

Sometime after the accident, Leavitt presented bodily injury claims to Commerce, GEICO, and USAA. Id. at *3. He claimed that the car accident had caused radiculopathy, resulting in pain and numbness in his arms and part of his hands. Id. Settlement negotiations between Commerce and Leavitt were unsuccessful. Id. at *3 n.9; see also Superior Court Compl. ¶¶ 16-21 [#52-2]. GEICO and USAA denied Leavitt's claims on the ground that neither policy provided personal injury protection ("PIP"). Leavitt, 2019 WL 4019952, at *1 & n.5.

B.   *State Court Litigation*

1.   Suffolk Superior Court

On September 6, 2013, Leavitt filed a lawsuit in Suffolk Superior Court against Phillips, Aebersold, Commerce, GEICO, and USAA. Superior Court Compl. [#52-2]. He asserted negligence against Phillips and claimed that Aebersold had violated Massachusetts law by not purchasing PIP. Id. at ¶¶ 31-41. Against Commerce, he alleged violations of Massachusetts consumer protection statutes. Id. at ¶¶ 69-76. And, against GEICO and USAA, he asserted (1) claims for breach of contract arising from the denials of his PIP claims, (2) claims for unfair or deceptive acts and practices under Massachusetts law, (3) claims for bad faith conduct under Vermont law, and (4) claims seeking declaratory judgments that GEICO and USAA were

2

required to pay his PIP claims. Id. at ¶¶ 56-68, 77-108. In her answer, Phillips asserted a crossclaim against Aebersold for negligence. Leavitt, 2019 WL 4019952, at *1.

GEICO and USAA both moved for summary judgment. On May 30, 2014, a Superior Court judge granted USAA's motion, reasoning that

> Vermont does not require drivers to carry PIP insurance or require Vermont auto insurance policies to include PIP coverage. 23 V.S.A. § 800. Leavitt's Policy does not itself include PIP coverage.
>
> The USAA policy applies to Leavitt's vehicle, not Phillips' or Aebersold's. Leavitt's vehicle was not involved. Nor was he an operator. Under the USAA's out-of-state coverage clause, Leavitt is only entitled to coverage consisting of "the minimum amounts and types of coverages required by law." Because Leavitt was a passenger in a car that he did not own or operate, Massachusetts law does not "require[]" him to have PIP coverage. It would counter the express meaning of the words used in the Policy to require USAA to provide Leavitt coverage that he was not "required by law" to have in force.
>
> It follows that the "minimum amounts and types of coverages required by law" of USAA's insured did not include PIP or, indeed, any coverages required by [Mass. Gen. Laws ch.] 90, § 34A, which apply to owners and operators. USAA's out-of-state coverage therefore does not apply to this accident.

Leavitt v. Phillips, No. SUCV201303280, 2014 WL 7895125, at *3 (Mass. Super. May 30, 2014).

On June 9, 2014, the Superior Court judge denied GEICO's motion without prejudice. Leavitt v. Phillips, No. SUCV201303280, 2014 WL 7895127, at *1 (Mass. Super. June 9, 2014). He explained that Mass Gen. Laws. ch. 90, § 3, requires an out-of-state motorist to have an insurance policy that conforms to Massachusetts law—which, unlike Vermont law, requires drivers to carry PIP—if the car has been operated in Massachusetts for "more than thirty days in the aggregate in any one year." Id. at *2. Aebersold's insurance policy provided "coverages to the extent required of out-of-state motorists by local law." Id. at *3. However, it was not clear from the record whether her car had been operated in Massachusetts for more than thirty days

3

that year. Id. at *5. The judge accordingly denied the motion without prejudice to a motion for reconsideration upon completion of discovery. Id.

The parties engaged in additional discovery, and GEICO filed a motion for reconsideration on December 9, 2014. Leavitt v. Phillips, No. SUCV201303280, 2015 WL 13568729, at *1 (Mass. Super. Apr. 14, 2015). On the record before the court, Leavitt "[could not] prove that Aebersold operated a motor vehicle in Massachusetts for more than 30 days at any time in 2009 or 2010." Id. It was undisputed, however, that she did operate a car for more than thirty days in Massachusetts in 1998. Id. Leavitt argued that as long as Aebersold had operated a car in Massachusetts for thirty days in *any* year, i.e., in 1998, she was subject to Massachusetts' compulsory insurance laws at all times in the future and that there was no expiration on that obligation. Id. at *2.

The Superior Court judge concluded that Leavitt's "argument conflict[ed] with the statutory language" and that the "straightforward construction" of the statute required a policy conforming to Massachusetts law only if the motorist had "a substantial driving presence in Massachusetts at the time of operation." Id. The judge went on to state that although "[o]ne [could] debate whether the applicable year is a policy year, a 365-day period, or a calendar year," it was a distinction without a difference where Aebersold had not operated her car for thirty days in Massachusetts in "any one-year period encompassing the accident." Id. He accordingly granted GEICO's motion on April 14, 2015. Id.

Aebersold then moved for judgment on the pleadings based on the same argument, i.e., that she was not required to carry PIP because she had not operated her car in Massachusetts for more than thirty days in the year of the accident. Leavitt, 2019 WL 4019952, at *2 n.8. Before Leavitt filed his opposition, a different judge held a hearing during which Aebersold's motion

4

was raised. Id. The judge dismissed Leavitt's claim against Aebersold, noting that the legal arguments had already been addressed in the ruling on GEICO's motion for summary judgment. Id.

At that point, the remaining claims were Leavitt's against Phillips and Commerce and Phillips' crossclaim against Aebersold. Id. at *1. The claim against Commerce was stayed pending a determination as to Phillips' negligence, and the case proceeded to trial only on the issue of Phillips' and Aebersold's negligence. Id. At the close of Leavitt's case, Phillips and Aebersold moved for a directed verdict based on Leavitt's failure to prove an injury sufficient to satisfy the relevant statutory requirements. Leavitt v. Phillips, No. SUCV201303280, 2015 WL 13568730, at *1 (Mass. Super. Dec. 07, 2015). The trial judge deferred decisions on the motions until after the jury verdict. Id. Following a three-day trial in early December 2015, the jury concluded that Phillips was negligent but that her negligence had not caused Leavitt's injury. Leavitt, 2015 WL 13568730, at *1. The judge then allowed both motions for a directed verdict and denied Leavitt's subsequent motion for a new trial on causation and damages. Id. at *2; Leavitt, 2019 WL 4019952, at *1. Judgment entered in the Superior Court on July 27, 2017. Leavitt v. Phillips, No. SUCV2013-03280, 2017 WL 3784622, at *1 (Mass. Super. July 27, 2017).

      2.      Massachusetts Appeals Court

Leavitt appealed the grants of summary judgment, the entry of a directed verdict for Phillips, and the denial of his motion for a new trial to the Massachusetts Appeals Court. Leavitt, 2019 WL 4019952, at *1. As to the summary judgment motions, his primary argument on appeal was that pursuant to Mass. Gen. Laws ch. 90, § 3, "Aebersold was required to carry PIP, even as a nonresident of the Commonwealth, because she spent more than thirty days in the

5

Commonwealth in 1998." Id. The Appeals Court disagreed, stating that Leavitt's "interpretation of the statute would produce absurd results." Id. at *2. The Appeals Court construed the statutory language "more than thirty days in the aggregate in any one year" to mean that nonresidents are required "to purchase the requisite motor vehicle insurance only during the year in which they have driven a motor vehicle in the Commonwealth for more than thirty days in the aggregate." Id.

Leavitt also raised a variety of other arguments related the motions for summary judgment. Id. at *2 n.8. First, he argued that the judge had "violated his rights of due process and equal protection by refusing to consider his requests for declaratory relief before granting summary judgment." Id. The Appeals Court found that this assertion "lack[ed] merit" because "[r]equests for declaratory relief are frequently resolved at the summary judgment stage, and the judge properly declared Leavitt's rights"—i.e., that under the facts of the case, neither USAA nor GEICO were required to provide PIP—"when granting summary judgment." Id. Second, Leavitt asserted "that the judge erred in dismissing on summary judgment his breach of contract claims where there were material facts in dispute and where the judge made clearly erroneous findings of fact." Id. However, because Leavitt did not point to "any such facts or findings," the Appeals Court found that he had waived the argument. Id. Third, Leavitt argued that the judge erred in denying his requests for attorney's fees, but the Appeals Court concluded that Leavitt had not provided adequate support for his argument where he cited a case in which the insured party had brought a *successful* claim for declaratory relief. Id. Leavitt also raised an argument related to how his PIP claim against Aebersold was dismissed before he filed his opposition, claiming that this was evidence of ex parte communications. Id. The Appeals Court was "not persuaded" that

any ex parte communications had taken place where the issues had been fully and fairly litigated in the GEICO motion for summary judgment. Id.

Leavitt also argued that the judge made several errors at trial. Id. at *3. First, he claimed that the judge erroneously denied "his requests to obtain discovery from GEICO and USAA regarding any medical bills that they paid on his behalf" and to introduce "Medicare summaries to prove the truth of the matter asserted therein, that he received medical care in excess of the $2,000 statutory threshold." Id. As to the former, the Appeals Court concluded that Leavitt had not explained how the discovery was relevant to his negligence claim against Phillips, and, as to the latter, that he had not articulated an applicable hearsay exception. Id. at *3 & n.10. Regarding the directed verdict and the denial of Leavitt's motion for a new trial, the Appeals Court considered the weight of the evidence and concluded that a reasonable jury could have concluded that Phillips' negligence had not caused Leavitt's injury. Id. at *3. Specifically, the Appeals Court explained that

> [t]he jury had reason not to credit Leavitt's treating physician where there was evidence that (1) the accident was a minor one involving a low speed, soft impact, (2) Leavitt did not experience pain in his hands and arms until well after the accident, contrary to his own testimony, (3) neurological tests did not support a finding of radiculopathy, and (4) Leavitt suffered from a degenerative disease that could have caused the pain in his hands and arms.

Id.

Finally, Leavitt raised "several allegations of judicial misconduct, including that the Superior Court (1) failed to address Leavitt's accusations of ex parte communications, (2) manipulated the docket, and (3) failed to disclose the name of a newly-inducted Superior Court judge who observed one of the hearings." Id. at *4. The Appeals Court concluded that these allegations lacked merit. Id.

3.    Massachusetts Supreme Judicial Court

Leavitt then filed an application for further appellate review in the Supreme Judicial Court. SJC Docket FAR-27070 [#52-8]. The application is ninety-six pages long and describes the Superior Court and Appeals Court litigation as a series of "[c]rimes that define our times" and "what may be, Massachusetts' darkest hour since Salem, 1692." FAR App. 16, 19 [#52-13]. Specifically, these alleged crimes consist of

> (1) conspiracy to <u>suppress</u> (criminal acts), (2) actual <u>suppression</u> of [Leavitt's] <u>right</u> to a declaration of law, **due process,** and **equal protection** in his <u>rights</u> under the statute and insurance contracts. And there has been a (3) **chilling** of **the valid exercise of his constitutional <u>rights</u> of freedom of speech and petitioning for the redress of grievances.**

<u>Id.</u> at 19-20 (emphasis original). The application goes on to assert that although "Leavitt was **protected** by liability insurance in every way by Massachusetts law since 1927" and "[t]he tortfeasor (Phillips) had liability coverages and was negligent," "Leavitt received nothing." <u>Id.</u> at 32 (emphasis original). Leavitt takes further issue with the fact that "[t]hough 2900 pages of documents were provided to the Appeals Court and 20 issues, it claims some issues raised lacked foundation." <u>Id.</u> at 33.

After recounting the various Superior Court and Appeals Court proceedings, the application requests further appellate review of the following issues: (1) the Superior Court and Appeals Court's "refusal to declare the law" and to "announce to the world Massachusetts Statute requires PIP be **maintained** on **non-resident motor vehicle policies of liability insurance**"; (2) the "clear violation of Leavitt's <u>rights</u> of **due process** and **equal protection**" caused by this supposed refusal to declare the law; (3) the Appeals Court's conclusion that "**no substantial question of law [was] presented by the appeal or that some clear error of law ha[d] been committed**" by the Superior Court; (4) the Appeals Court's holding that the thirty-

8

day clock for maintaining PIP resets after a year; (5) the Appeals Court's affirming of the Superior Court judge's conclusion that USAA was not required to provide Leavitt PIP where he was neither the owner nor operator of a car involved in the accident; (6) the Appeals Court's "gratuitous 'findings'" that it was no persuaded that there had been any ex parte communications; and (7) Leavitt's "concerns that suppression of his rights were planned." Id. at 53-69.

In addition to the application, Leavitt filed eleven motions, demanding that every justice of the Supreme Judicial Court "recuse and disclose." SJC Docket FAR-27070 [#52-8]. The application for further appellate review was denied on October 18, 2019. Leavitt, 483 Mass. at 1105.

4. Supreme Court of the United States

Having exhausted his state court appeals, Leavitt filed a petition for a writ of certiorari. The questions presented were:

> "1) Did Massachusetts deprive a Vermont citizen the fundamental right to property without a compelling state interest by refusing to enforce its substantive and procedural laws where there exist unresolved disputes as to the Massachusetts statute (he plead it requires Massachusetts Personal Injury Protection ((PIP)) on non-resident vehicles which insurers deny) and Vermont contracts (he plead they promise Massachusetts PIP which insurers deny), when the Judiciary, while conceding both of Petitioner's pleas are the law, refused to declare the law; and instead forced an interpretation of disputed law and contracts on him in summary judgments, without declaration of statute or contract, depriving him, and no others similarly situated, of the protections of both law and contracts?
>
> 2) Did Massachusetts violate Article IV when it refused to declare whether, under Vermont contract law, there were breaches of Vermont contracts?
>
> 3) Is M.G.L. ch. 231A unconstitutional or unconstitutional as exercised?

Petition for Writ of Certiorari, Leavitt, 140 S. Ct. 1216. The substance of the petition claims that the Massachusetts judiciary acted arbitrarily and capriciously in refusing to issue a declaratory

judgment on the meaning of Mass. Gen. Laws ch. 90, §§ 3 and 34A, that Leavitt's rights were violated by unfair procedures during the state court litigation, that the state courts made a variety of errors, and that Mass. Gen. Laws ch. 231A (which governs the procedure for declaratory judgments) is unconstitutional because the Massachusetts courts refuse to "declare the law." Id. The Supreme Court denied the petition on February 24, 2020. Leavitt, 140 S. Ct. at 1216.

    C.    *Present Action*

        1.    Leavitt's Complaint

On November 30, 2020, Leavitt filed through counsel a 382-page, twenty-seven-count Complaint [#1] against nineteen named defendants and 100 unnamed defendants, based on the events at issue and actions in the state court litigation. Through counsel, he also sought leave to proceed without prepaying fees or costs. See Application to Proceed [#3]. The court denied the application without prejudice to refiling where Leavitt had not completely or accurately filled it out. See Elec. Order [#4]. Leavitt submitted a renewed Application [#6] on December 18, 2020. On December 30, 2020, the court granted the Application [#6] and dismissed the Complaint [#1], explaining that the court lacked jurisdiction to consider Leavitt's challenges to the findings and proceedings in the state courts and that the Complaint [#1] failed to comply with the pleading requirements of Federal Rule of Civil Procedure 8. See Mem. & Order 1, 5-6 [#11]. The court granted Leavitt leave to file an amended complaint not to exceed fifty double-spaced pages and emphasized that "[a]s with all filings, the amended complaint shall be signed and filed in compliance with Federal Rule of Civil Procedure 11." Id. at 6-7.

On January 4, 2021, Leavitt filed an Emergency Motion to Disclose and Recuse and Emergency Motion for Reconsideration [#12], demanding reconsideration based on "the lack of the Court's analysis" and the impossibility of meeting the fifty-page limit for the amended

complaint. Pl's Mem. 2 [#15]. Leavitt also asserted that the court had "exceeded its powers" and acted in an "arbitrary and capricious" manner and stated that his request for recusal was "based on the "clearly prejudicial nature" of the court's December 30, 2020 order and the "impossible task" of condensing the complaint. Id. at 13. Where Leavitt's request for recusal rested "entirely on his dissatisfaction with the court's orders," the court found that this was not a valid basis for recusal. Mem. & Order 3 [#16]. The court also determined that Leavitt had not met the standard for reconsideration. Id.

2. Leavitt's Amended Complaint

Through counsel, Leavitt filed an Amended Complaint [#17] on February 11, 2021, against all the defendants who were party to the state court litigation except Aebersold, plus individuals holding positions as officers and directors of GEICO and USAA; Berkshire Hathaway, Inc., the holding company for GEICO, and its chairman and board of directors; and four of the attorneys who represented the insurance companies and Aebersold in the state court litigation, as well as their law firms. The first paragraph states that the Amended Complaint [#17] was "filed under objection and protest" for the reasons previously set forth in Leavitt's Emergency Motion to Disclose and Recuse and Emergency Motion for Reconsideration [#12]. Am. Compl. ¶ 1 [#17]. Leavitt further states that the Amended Complaint [#17] incorporates "all facts and circumstance" in the original Complaint [#1] as well as "all documents filed and associated with the 2013 litigation in Massachusetts for which [Leavitt] demands judicial notice be taken." Id.

The Amended Complaint [#17] proceeds in three parts. In "Part First," Leavitt demands that this court declare (1) that Mass. Gen. Laws ch. 90, §§ 3 and 34A "require[] *non-resident* motor vehicle owners to 'maintain' Massachusetts PIP 'provisions' as part of their 'policy of

11

liability insurance,'" and (2) "that policies of liability insurance issued by 'GEICO' and USAA provide Massachusetts PIP 'protection.'" Am. Compl. ¶ 32 [#17] (emphasis original).

In "Part Second," he asserts breach of contract against GEICO and USAA (Counts II-III) and against their principals on a respondeat superior theory (Count IV); bad faith against GEICO and USAA (Count V); negligent hiring against GEICO, USAA, and the law firms that defended them in the state court litigation (Count VI); negligent supervision against all defendants except Phillips (Count VII); fraud, conspiracy, and misrepresentation against all defendants (Count VIII); negligent, willful, wanton, and intentional interference with contractual relations against all defendants (Count IX); aiding and abetting suppression of his rights against all defendants (Count X); breach of fiduciary duty against GEICO and USAA (Count XI); a claim for attorney's fees (Count XII); breach of fiduciary duty and aiding and abetting against the unnamed J. Does, GEICO, and USAA (Count XIII); and RICO violations (Count XIV). Id. at ¶¶ 38-102. The basis for these claims appears to be Leavitt's repeated assertion that GEICO and USAA "*conspired to suppress* and *actually suppressed* [Leavitt's] rights to a declaration of law" in the 2013 state court litigation. Id. at ¶ 39; see also id. at ¶¶ 40, 44, 48, 52, 56-57, 61-62, 66-68, 72-73, 76-78, 81-82, 85-86, 90-91, 96-100.

Finally, in "Part Third," Leavitt seeks specific performance against GEICO and USAA (Count XV) and an injunction against all defendants (Count XVI). Id. at ¶¶ 103-111. Specifically, Leavitt requests that the court compel GEICO and USAA to affirm that Mass. Gen. Laws ch. 90, §§ 3 and 34A, require non-resident car owners to carry PIP and that policies issued by GEICO and USAA cover PIP claims. Id. at 51-52. He also requests injunctive relief prohibiting GEICO and USAA from denying the same and enjoining all of the defendants from conspiring "between themselves, others, and/or judges and court personnel of the Massachusetts

Judiciary, or any judiciary, to suppress, and the actual suppression of, a declaration of law requiring PIP on non-resident vehicles." Id. at 109.

The factual basis for all the causes of action appears to be the denial of Leavitt's PIP claims in 2013 and the subsequent state court litigation. Id. at ¶ 28. He asserts that the state court proceedings were "nothing more than a ruse. A scam. A flimflam." Id. at ¶ 28 n.8. And he repeatedly claims that the defendants conspired against him. See id. at ¶¶ 8, 28, 30, 39-40, 44, 48, 52, 56-57, 61-62, 66-68, 72-73, 76-78, 81-82, 85-86, 90-91, 96-100. However, rather than provide support for these assertions of conspiracy, he frames the conspiracy as a fact in itself. See id. at ¶ 30 ("**Fact:** There was a *conspiracy to suppress* and actual *suppression* of the Plaintiff's right to a declaration of law, rights in all his claims in the 2013 action, and rights of due process and equal protection in the 2013 action"). To the extent that the Amended Complaint [#17] offers any factual basis for the conspiracy allegations, it seems to be that Leavitt "lost all but one of the (approximately) one hundred motions in the 2013 action." Id. at ¶ 28 n.8.

       3.        Defendants' Motions to Dismiss

On March 29, 2021, Phillips filed a Motion to Dismiss [#51] the Amended Complaint [#17], arguing that this court lacks jurisdiction to hear the case under the Rooker-Feldman doctrine, that res judicata bars the claims, and that Leavitt failed to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Similar motions seeking dismissal for lack of subject matter jurisdiction and on other grounds were filed by Ronald Harding,[2] Mot. to Dismiss [#62]; David Brink, Lynn McCarthy, and Smith and Brink, P.C.,[3] Mot. to Dismiss [#64]; USAA, its

---

[2] Harding was retained by GEICO to defend Aebersold in the state court litigation. Am. Compl. ¶ 22 [#17].

[3] Brink and McCarthy of Smith & Brink, P.C., represented GEICO in the state court litigation. Am. Compl. ¶¶ 17-19 [#17].

principals, and board of directors, Mot. to Dismiss [#70]; Commerce, Mot. to Dismiss [#74]; GEICO, its principal, and board of directors, Mot. to Dismiss [#77]; Berkshire Hathaway, its principals, and board of directors, Mot. to Dismiss [#80]; and Cathryn Spaulding and Lamontagne, Spaulding & Hayes, LLP,[4] Mot. to Dismiss [#82]. All eight motions are opposed by Leavitt, Opps. [#59, #84, #85, #86, #95, #96, #97, #98], and are pending before the court.

## II.     Standard of Review

"Rule 12(b)(1) is the proper vehicle for challenging a court's subject matter jurisdiction." Valentin v. Hospital Bella Vista, 254 F.3d 358, 362–63 (1st Cir. 2001). Federal courts are courts of limited jurisdiction, so federal jurisdiction is never presumed. Viqueira v. First Bank, 140 F.3d 12, 16 (1st Cir. 1998). The party asserting jurisdiction has the burden of demonstrating the existence of federal jurisdiction. Id. A court should treat all well-pleaded facts as true and provide the plaintiff the benefit of all reasonable inferences. Fothergill v. United States, 566 F.3d 248, 251 (1st Cir. 2009). Dismissal is appropriate only when the facts alleged in the complaint, taken as true, do not support a finding of federal subject matter jurisdiction. Id. A challenge to the court's subject matter jurisdiction must be addressed before addressing the merits of a case. See Acosta-Ramirez v. Banco Popular de Puerto Rico, 712 F.3d 14, 18 (1st Cir. 2013) ("Federal courts are obliged to resolve questions pertaining to subject-matter jurisdiction before addressing the merits of a case").

## III.     Discussion

Under the Rooker-Feldman doctrine, lower federal courts are barred from hearing de facto appeals from state-court judgments. See generally D.C. Ct. App. v. Feldman, 460 U.S. 462

---

[4] Spaulding of Lamontagne, Spaulding & Hayes, LLP, represented USAA in the state court litigation. Superior Court Docket 2 [#52-3].

(1983); Rooker v. Fid. Trust Co., 263 U.S. 413 (1923); Wilson v. Shumway, 264 F.3d 120 (1st Cir. 2001). The doctrine applies where "the losing party in state court file[s] suit in federal court after the state proceedings [have] ended, complaining of an injury caused by the state-court judgment and seeking review and rejection of that judgment." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 291 (2005). In short, a federal district court lacks the authority to effectively sit as an appellate court and to disrupt a final judgment from a state court. Id. This applies not just to claims explicitly raised in state court but to any claims that are "'inextricably intertwined' with questions previously adjudicated by a state court, such that the federal district court would be in the unseemly position of reviewing a state court decision for error." Mills v. Harmon L. Offs., P.C., 344 F.3d 42, 44 (1st Cir. 2003) (citing Hill v. Town of Conway, 193 F.3d 33, 39 (1st Cir. 1999)).

This case was fully litigated in the Massachusetts courts. A Superior Court judge granted USAA and GEICO's motions for summary judgment, concluding that Leavitt had no right to PIP benefits under Mass. Gen. Laws ch. 90, § 3. A different Superior Court judge granted Aebersold's motion for judgment on the pleadings, where the same legal issue had already been decided in the ruling on GEICO's motion for summary judgment. After a three-day trial, a jury found that Phillips had not caused Leavitt's injuries. Leavitt's motion for a new trial was denied.

Leavitt objected to these rulings and appealed.[5] The Appeals Court conducted a thorough analysis of the issues raised and upheld the Superior Court judgment, concluding that Leavitt's

---

[5] The Superior Court record does not make clear why it took a year and half for judgment to enter after trial and the judge's rulings on post-trial motions. The docket does reflect that Leavitt filed a notice of appeal, emergency motion to docket the notice of appeal, and emergency motion to assemble the record *before* judgment had entered. Superior Court Docket 18-19 [#52-3]. He also petitioned a single justice of the Massachusetts Supreme Judicial Court for a writ of mandamus, seeking an order directing the clerk of the Superior Court to assemble the record for

15

statutory argument "would produce absurd results" and that he was not entitled to PIP benefits. Leavitt then appealed to the Supreme Judicial Court, raising not only the factual and legal issues that were before the Superior Court but also the impropriety that he alleges took place in those courts. The Supreme Judicial Court, in its discretion, denied further appellate review.

Leavitt sought federal court review of the state court action and took the only appropriate step: he filed a petition for certiorari with the United States Supreme Court, the only federal court with the authority to review a state court judgment. The Supreme Court denied his petition.

Under the Rooker-Feldman doctrine, this court does not have jurisdiction to revisit substantially the same issues already decided by the Superior Court and the Appeals Court. Leavitt has had his day in court and has exhausted all the review to which he is entitled. Nor may he circumvent the Rooker-Feldman doctrine by adding principals, agents, directors, and shareholders of the insurance companies to his Amended Complaint [#17] and claiming that they participated in a vast conspiracy with the state courts to deny him access to justice. "Put simply, a federal court's application of the Rooker-Feldman doctrine is not contingent upon an identity between the issues actually litigated in the prior state-court proceedings and the issues proffered in the subsequent federal suit. Instead, the critical datum is whether the plaintiff's federal suit is, in effect, an end-run around a final state-court judgment." Klimowicz v. Deutsche Bank Nat'l Tr. Co., 907 F.3d 61, 66–67 (1st Cir. 2018).

At oral argument, Leavitt's counsel stated that he was not attempting to relitigate the state court proceedings but rather that his aim was forward-looking: because no court had yet "declared the law," he merely wanted a declaration from this court that Massachusetts law

---

appeal. SJC Docket SJ-2016-0143 [#52-6]. It is possible that these filings seeking or relating to appellate review contributed to the delay in entry of judgment in the Superior Court.

requires out-of-state motorists to carry PIP. This argument appears disingenuous. To the extent that Leavitt seeks a declaration based on the facts in the state court case, the Appeals Court clearly held that Mass. Gen. Laws ch. 90, § 3 "exempts most nonresidents from having to comply with the Commonwealth's motor vehicle insurance requirements" except "during the year in which they have driven a motor vehicle in the Commonwealth for more than thirty days in the aggregate." Leavitt, 2019 WL 4019952, *2. To the extent that Leavitt is seeking a declaration not tied to any factual record, Leavitt is, in effect, asking for an advisory opinion, which this court is without jurisdiction to issue. See Flast v. Cohen, 392 U.S. 83, 96 (1968) ("the rule against advisory opinions implements the separation of powers prescribed by the Constitution and confines federal courts to the role assigned them by Article III").

In brief, where Leavitt's federal suit seeks to invalidate the state courts' judgments through such requested relief as a declaration that the state statutes at issue require GEICO and USAA to cover his PIP claims, this court lacks jurisdiction over his Amended Complaint [#17].

## IV. Conclusion

For the foregoing reasons, Defendants' Motions to Dismiss [#51, #62, #64, #70, #74, #77, #80, #82] are ALLOWED.

IT IS SO ORDERED.

July 16, 2021                                     /s/ Indira Talwani
                                                  United States District Judge